SCHROEDER HOLDING COMPANY *v.* MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.

[No. 20, October Term, 1939.]

*Decided November 28th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Solomon Liss,* with whom was *Irvin A. Adler* on the brief, for the appellant.

*J. Francis Ireton, Assistant City Solicitor,* with whom was *Charles C. G. Evans, City Solicitor,* on the brief, for the Mayor and City Council of Baltimore, appellee.

*H. Vernon Eney,* with whom was *Joseph M. Wyatt* on the brief, for Jerome Friedlander, appellee.

SLOAN, J., delivered the opinion of the Court.

Jerome Friedlander applied to the Buildings Engineer of Baltimore for a permit to install three "* * * additional gasoline tanks and pumps" at the premises designated as Numbers 14 to 24 North Schroeder Street. There is a gas station, with three pumps, on the lot at the northwest corner of Schroeder Street and Fairmount Avenue, operated by Jacob Friedlander, father of the applicant, leased by the Schroeder Holding Company, Inc., to the Sinclair Oil Company, and by it sub-let to Jacob Friedlander. This lot fronts fifty feet on Schroeder Street and seventy-three feet on Fairmount Avenue. The lot for which the application was made abuts on the north of the Jacob Friedlander lot, fronts thirty feet on Schroeder Street and seventy-three feet on a ten-foot alley. It was leased by Eva Winer to Jacob Friedlander, who, in turn, sub-let it to his son Jerome Friedlander. Adjoining the two lots on the west, leased by Jacob Friedlander from Eva Winer, is a lot two hundred and thirteen feet on Fairmount Avenue by eighty feet, improved by a garage operated by Jacob Friedlander.

Before any action can be taken by the Board of Zoning Appeals on an application to establish a gasoline station, under the Zoning Ordinance No. 1247, approved March 30th, 1931, as amended by Ordinance No. 318, approved January 16th, 1937, the board must post the premises and give notice to the public by advertisement, and must submit drawings, plans, specifications and other data to the Board of Fire Commissioners, Commissioner of Health, Police Commissioner, Chief Engineer of the City, and the Buildings Engineer, for investigation and reports. *Jones v. Zoning Appeals Board,* 173 Md. 669, 197 A. 319. These department heads all approved the application, the Fire Commissioners, particularly noted for a reason hereinafter mentioned, reporting that the installation would not create an additional fire hazard.

At the hearing it developed that the application was not for a permit to extend the already existing station of Jacob Friedlander, but for a new station for his son, Jerome Friedlander, whereupon Jerome asked permis-

sion to amend his application, so as to provide for the installation of a gasoline station. A hearing was had, the permit for a station described in the amended petition granted, an appeal taken by the Schroeder Holding Company, Inc., and an order passed by the Baltimore City Court affirming the decision of the Board of Zoning Appeals, from which this appeal is taken.

At the hearing in the City Court the appellant submitted two questions: (1) "Does the Zoning Board have the right to permit the amendment of an application such as here involved?" which was abandoned on this appeal, and (2) "Did the Board of Zoning Appeals err in not re-submitting the amended application to the various city officers referred to in Ordinance No. 318, and in failing to report the premises so as to render its resolution of October 26th illegal and void?", which was the only question argued in this court.

The procedure on an application is as required by Ordinance No. 318, *supra,* and whatever discretion the Board has "* * * is guided and restrained by rules and standards sufficient to protect the citizen against any arbitrary or unreasonable exercise thereof" (*Tighe v. Osborne,* 149 Md. 349, 360, 131 A. 801, 805), and "* * * the validity of their acts under it [the police power] may depend upon whether the grant or delegation * * * vested them with mere ministerial and administrative functions to be exercised in obedience to and in conformity with definite rules, guides, and standards," *Pocomoke City v. Standard Oil Co.,* 162 Md. 368, 377, 159 A. 902, 905; *Lewis v. Baltimore,* 164 Md. 146, 150, 164 A. 220.

A strict construction of the provisions of Ordinance No. 318 means that when Jerome Friedlander amended his application by the elimination of the word "additional," he should have been required to go through the same procedure as in his original application. The Board, however, must have regarded such a proceeding as mere repetition of what had already been done in the manner and by the officials designated by the ordinance,

and, therefore, a useless waste of time, as there was no change made in the physical situation by the amendment of the application. We might be inclined to agree with such a conclusion, but for what was said by this court in *Jones v. Board of Zoning Appeals*, 173 Md. 669, 671, 197 A. 319, 320, and that is: "Howard Travers, chief of the Baltimore City Fire Department, testified that his department would not approve the erection of stations next to each other, as they would create extra fire hazards, and, while the fact that the location was within 300 feet of the Irvington Motion Picture Theatre was the only reason the Fire Board gave for its disapproval, he considered that the erection of the filling station would constitute a fire hazard." If this is the rule of the Fire Department, then it could not consistently approve this application as amended, and to be submitted to the designated officials for inspection and report. That application was for three "additional" tanks, and they could only be additional to the tanks already operated by Jacob Friedlander. He had the lease on the adjoining lot, which he assigned to his son, Jerome. Why he did not make the application in his own name does not appear, and in view of what Chief Travers testified to in the *Jones* case, *supra*, the Fire Department, when it approved this application, thought it was approving the installation of three tanks by Jacob Friedlander's station, but, as we have said, there is nothing in the record to justify such a conclusion.

In our opinion, while the amendment of the application was such as to give it the practical effect of a new application, it is only necessary to again refer the application as amended to the named city officials for inspections and reports, and the case will be remanded for further proceedings in accordance with this opinion.

*Order reversed, with costs, and case remanded.*